| STATE OF NORTH CAROLINA | File No. 22-CVS-2381 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| MELVIN HUNTER |
| Address |
| |
| City, State, Zip |
| |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| JAMAL ABDOU ALI and WESTERN EXPRESS, INC. | |
| | Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jamal Abdou Ali, 830 Glastonbury Rd., Nashville, TN 27217, #308 by and through the NC Department of Motor Vehicles Commissioner Torre Jessup, 3101 Mail Service Center Raleigh NC 27699-3101 | Western Express, Inc. by and through its Registered Agent, Roland M. Lowell 7135 Centennial Place Nashville TN 37209-1033 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible documentos!**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 4/29/22 | Time 11:54 ☒ AM ☐ PM |
|---|---|---|
| Robert E. Whitley, Sr.<br>Whitley Law Firm<br>3301 Benson Drive, Suite 120<br>Raleigh NC 27609 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

```
                    FILED
                 2022 APR 29  A 11:59
NORTH CAROLINA                          IN THE GENERAL COURT OF JUSTICE
                 CUMBERLAND CO., C.S.C. SUPERIOR COURT DIVISION
CUMBERLAND COUNTY                       2022 CvS  2381
                 BY_____
```

|  |  |
|---|---|
| MELVIN HUNTER, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** (Jury Trial Demanded) |
| JAMAL ABDOU ALI and WESTERN EXPRESS, INC., | ) |
| Defendants. | ) |

Plaintiff, complaining of the Defendants, alleges and states:

## PARTIES

1. Melvin Hunter (hereinafter "Plaintiff") is a natural person and resident of Cumberland County, North Carolina.

2. Upon information and belief, Jamal Abdou Ali (hereinafter "Defendant-driver") is a resident of Nashville, Tennessee.

3. At all times relevant to the claims asserted herein Defendant-driver, as a nonresident of the State of North Carolina, operated a motor vehicle on the public highways of this State and, as such, impliedly appoints the Commissioner of Motor Vehicles, or his successor in office, to be his true and lawful attorney upon whom may be served all summonses or other lawful process pursuant to N.C. Gen. Stat. § 1-105.

4. Upon information and belief, Western Express, Inc. (hereinafter "Defendant-owner") is a corporation or other business entity duly organized and existing under the laws of the State of Tennessee but who was conducting and continues to conduct business within the State of North Carolina.

5. Public records indicate that Defendant-owner has designated Roland M. Lowell as its registered agent, capable of being served with process at 7135 Centennial Place, Nashville, Tennessee 37209-1033.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to N.C. Gen. Stat. §§ 7A-240 and 243.

7. This Court has jurisdiction over the person of each Defendant by virtue of N.C. Gen. Stat. § 1-75.4 *et seq*.

8. Venue is proper in Cumberland County, North Carolina pursuant to N.C. Gen. Stat. § 1-82 since Cumberland County is Plaintiff's county of residence at the commencement of this action.

9. Plaintiff's claim is brought within the statute of limitations set forth in N.C. Gen. Stat.§ 1-52 *et seq*.

## FACTS

10. On July 7, 2019, at approximately 10:07 a.m., Plaintiff was operating a 2016 Freightliner commercial motor vehicle owned by and registered to Plaintiff's employer, AFC Transport.

11. At the time alleged Plaintiff was acting within the course and scope of his employment with AFC Transport.

12. At the time alleged, the Plaintiff was traveling generally North in the inside lane of Interstate 95 ("I-95") near Dunn, between mile markers seventy-two and seventy-three in Harnett County, North Carolina.

13. At the same time, Defendant-driver was operating a 2019 International commercial motor vehicle owned by and registered to Defendant-owner and adorned with Defendant-owner's US DOT #0511412.

14. Defendant-driver was traveling generally North in the outside lane of I-95 between mile markers seventy-two and seventy-three.

15. Upon information and belief, Defendant-driver maneuvered his vehicle from outside lane and into and across the inside line, causing his vehicle to collide from the Plaintiff's vehicle before coming to a rest to the left of the centerline and against the guardrail.

16. As a result of the collision with Defendant-driver's vehicle the Plaintiff's vehicle suffered a second impact with the guardrail located on the left side of I-95 before coming to a rest.

17. As a direct and proximate result of the collision, Plaintiff has sustained severe personal injuries.

## FIRST CAUSE OF ACTION
### (Negligence, negligence *per se* and gross negligence - Defendant-driver)

18. The allegations of the preceding and subsequent paragraphs are incorporated by reference as if fully set forth herein. To the extent they are inconsistent with other allegations in the Complaint, such allegations are pled in the alternative.

19. At all times relevant to Plaintiff's claims, Defendant-driver owed a duty to exercise that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others, including the Plaintiff, from injury or damage.

20. Defendant-driver breached the duty owed by:

    a. Failing to drive the commercial motor vehicle as nearly as practicable entirely within a single lane and not moving from such lane until ascertaining that such movement can be made with safety in violation of N.C. Gen. Stat. § 20-146(d). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

    b. Failing to drive in the proper lane and in the proper direction and to the right of the central dividing line in violation of N.C. Gen. Stat. § 20-140.3(3). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

    c. Operating a commercial motor vehicle on a highway while using a mobile telephone or other electronic device in violation of N.C. Gen. Stat. § 20-137.4A *et seq.*

    d. Failing to decrease the speed of said vehicle, failing to properly and timely apply the brakes of said vehicle, failing to stop said vehicle, failing to turn said vehicle aside, or otherwise failing to exercise due care to avoid colliding with another vehicle, after the danger of said collision was discovered by him or in the exercise of due care should have been discovered, although he had the time and means available to do so;

    e. Although Defendant-driver had ample opportunity to do so and saw, or in the exercise of reasonable diligence should have seen, that it was necessary to take some action to avoid a collision, nevertheless failing to act reasonably in order to bring said vehicle under control and to avoid colliding with another vehicle;

    f. Failing to keep a proper lookout and or failed to see what could be seen in the exercise of due care;

    g. Failing to keep said vehicle under reasonable and proper control;

    h. Failing to exercise reasonable care; and

    i. In other ways as may be revealed through discovery or at trial.

21. In addition to the foregoing ways in which Defendant-driver breached the duty owed, Defendant-driver, for no apparent reason, either intentionally or with reckless indifference to the consequences of others, including the Plaintiff, willfully and/or wantonly drove the commercial motor vehicle directly into the path of another commercial motor vehicle, both of which were traveling at highway speeds, at a time and under circumstances that made a violent collision between the vehicles likely.

22. Defendant-driver knew, or reasonably should have known, that driving the commercial motor vehicle directly into the path of another commercial motor vehicle while traveling at highway speeds created a danger to others on the highway, including the plaintiff.

23. The acts or omissions of Defendant-driver, as herein above set forth, were done in conscious and intentional disregard of and indifference to the rights and safety of others, specifically including the Plaintiff, and constitute willful or wanton conduct.

24. Defendant-driver knew, or should have known, that it was reasonably likely that the aforesaid willful or wanton conduct was likely to result in injury, damage or harm to others, including the Plaintiff. As a direct and proximate result of the acts,

omissions, or series of acts or omissions of Defendant-driver described herein, the Plaintiff sustained injuries and damages.

25. As a direct and proximate result of the aforesaid actions/omissions of Defendant-driver, Plaintiff has been damaged as follows:

    a. Plaintiff sustained severe, painful and permanent personal injuries including, but not limited to, injuries to the head, neck, back, shoulders, left knee and left ankle;

    b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

    c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future;

    d. Plaintiff has been disabled from performing and enjoying his/her usual and customary activities; and

    e. Plaintiff has suffered and may continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages, and lost earnings/income opportunities.

26. As a direct and proximate result of the acts and omissions of Defendant-driver, the Plaintiff is entitled to recover from Defendant-driver a sum in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CAUSE OF ACTION
### (Negligence, Direct and Vicarious - Defendant-owner)

27. The allegations of the preceding and subsequent paragraphs are incorporated by reference as if fully set forth herein. To the extent they are inconsistent with other allegations in the Complaint, such allegations are pled in the alternative.

28. Upon information and belief, during all times relevant to Plaintiff's claims, Defendant-driver was operating the 2019 International commercial motor vehicle owned by Defendant-owner with the knowledge, permission, and consent of the Defendant-owner.

29. At all times relevant to Plaintiff's claims, Defendant-driver was an agent of Defendant-owner insofar as Defendant-driver was acting within the course and

scope of his employment with or authority of Defendant-owner.

30. The acts and/or omissions of Defendant-driver are imputed to Defendant-owner as a matter of law by application of the doctrine of *respondeat superior*.

31. Additionally, and without regard to vicarious liability, Defendant-owner is liable to Plaintiff for its own direct negligence, including but not limited to, one or more of the following alternative theories of negligence:

    a. Negligent hiring of Defendant-driver;

    b. Negligent supervision of Defendant-driver;

    c. Negligent retention of Defendant-driver;

        d. Other negligence as may be determined during the discovery period.

32. The Plaintiff's injuries and damages as herein below set forth were directly and proximately caused by the negligence of Defendant-owner.

33. As a direct and proximate result of the aforesaid actions/omissions of Defendant-owner, Plaintiff has been damaged as follows:

    a. Plaintiff sustained severe, painful and permanent personal injuries;

    b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

    c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future.

    d. Plaintiff has been disabled from performing and enjoying her usual and customary activities.

34. The Defendant-driver and Defendant-owner were jointly, concurrently and successively negligent in proximately causing the injuries to the Plaintiff.

35. As a direct and proximate result of the acts and omissions of Defendant-owner as herein above set forth, the Plaintiff is entitled to recover from the Defendant-owner a sum in excess of Twenty-Five Thousand Dollars ($25,000.00).

## THIRD CAUSE OF ACTION
### (Negligent Entrustment)

36. The allegations of the preceding and subsequent paragraphs are incorporated by reference as if fully set forth herein. To the extent they are inconsistent with other allegations in the Complaint, such allegations are pled in the alternative.

37. At all times relevant to Plaintiff's claims, Defendant-owner was the owner of or otherwise responsible for the vehicle operated by Defendant-driver.

38. At and prior to the times relevant to Plaintiff's claims, Defendant-owner voluntarily gave possession of the vehicle to Defendant-driver and Defendant-driver operated the vehicle with Defendant-owner's knowledge, permission, and consent.

39. That at the times relevant to Plaintiff's claims, Defendant-owner, as a person who owned or was otherwise responsible for the vehicle, owed a duty to exercise reasonable care in giving possession of the vehicle to another in order to protect himself and/or others from injury and damage.

40. That at the time Defendant-owner voluntarily gave possession of the vehicle to Defendant-driver, Defendant-owner knew, or through the exercise of reasonable care should have known, that Defendant-driver was an incompetent, habitually careless, and/or reckless driver and likely to cause injury to others in operating a motor vehicle.

41. The acts and omissions of Defendant-owner in connection with the voluntary giving possession of the vehicle to Defendant driver, Defendant-owner breached the duty of care and was otherwise negligent.

42. Defendant-driver's incompetence, habitual carelessness, and/or reckless was a direct and proximate cause of the plaintiff's injuries and damages.

43. The negligence of Defendant-owner joined with and ran concurrently with the negligence of Defendant-driver in proximately causing the injuries to the Plaintiff.

44. As a direct and proximate result of the acts and omissions of Defendant-owner as herein above set forth, the Plaintiff is entitled to recover from Defendant-owner a sum in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FOURTH CAUSE OF ACTION
### (Punitive Damages)

45. The allegations of the preceding and subsequent paragraphs are incorporated by reference as if fully set forth herein. To the extent they are inconsistent with other allegations in the Complaint, such allegations are pled in the alternative.

46. At the times relevant to Plaintiff's claims, Defendant-owner voluntarily gave possession of the motor vehicle to the Defendant-driver when, upon information and belief, Defendant-owner knew, or by the exercise of reasonable care should have known, that Defendant-driver was incompetent/habitually careless/reckless and likely to cause injury to others in operating the motor vehicle.

47. Defendant-owner knew, or reasonably should have known, that entrusting a commercial motor vehicle to an incompetent, habitually careless and reckless driver created a danger to others on the highway, including the Plaintiff.

48. The officers, directors, or managers of Defendant-owner participated in or condoned the entrustment of the 2019 International commercial motor vehicle to the Defendant-driver.

49. The acts or omissions of Defendant-owner, as herein above set forth, were done in conscious and intentional disregard of and indifference to the rights and safety of others, specifically including the Plaintiff, and constitute willful or wanton conduct.

50. Defendant-owner knew, or should have known, that it was reasonably likely that the aforesaid willful or wanton conduct was likely to result in injury, damage or harm to others.

51. The injuries and damages sustained by the Plaintiff in the above described collision were proximately caused by the willful or wanton conduct of Defendant-owner.

52. As a proximate result of the willful or wanton conduct of Defendant-owner, as herein alleged, the Plaintiff is entitled to recover damages from the Defendant-owner in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff demands entry of judgement as follows:

1. That Plaintiff have and recover of Defendant-driver and Defendant-owner, jointly and severally, a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as compensatory damages, together with interest as allowed by law, for bodily

injuries.

2. That Plaintiff have and recover of Defendant-owner a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as punitive damages, together with interest as allowed by law.

3. That the costs of this action, including reasonable attorney fees, as by law provided, be taxed against the Defendants.

4. That Plaintiff have a trial by jury on all issues so triable.

5. That Plaintiff have such other relief as the Court deems just, fit, and proper.

This 27 day of April, 2022.

WHITLEY LAW FIRM

By: *(signature)*
Robert E. Whitley
State Bar # 6445
Ann C. Ochsner
State Bar # 43108
Anna Claire Turpin
State Bar #55016
3301 Benson Drive, Suite 120
Raleigh, NC 27609
Telephone: (919) 785-5000
rew@whitleylawfirm.com